UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD RINEHART, JR.** | * | **CIVIL ACTION** |
| | * | |
| **vs.** | * | **NO. 15-6266** |
| | * | |
| **NATIONAL OILWELL VARCO L.P., ET AL.** | * | **SECTION: L** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Starfleet Marine Transportation, Inc. (R. Doc. 65). Having considered the parties briefs and applicable law and having considered the arguments made before the Court on December 14, 2016, the Court now issues this Order and Reasons.

### I.  BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Donald Rinehart ("Rinehart") on August 21, 2014 while he was employed as a Jones Act seaman in his capacity as an engineer aboard the M/V Starfleet Viking, a vessel operated by the bareboat charterer Defendant Starfleet Marine Transportation, Inc. ("Starfleet").  (R. Doc. 1 at 1-2).  Plaintiff invokes jurisdiction of this Court under 28 U.S.C. § 1332. *Id*. at 2.

Plaintiff alleges that he was ordered by the M/V Starfleet Viking's captain to assist with loading pallets aboard the ship, which was docked in Port Fourchon, Louisiana. *Id*. at 2. Defendant National Oilwell Varco, L.P. ("NOV") owned the mobile crane and hook which were used in loading the pallets and also employed the crane operator directing the crane. *Id*. at 2. Plaintiff claims that he was injured when a pallet fork slipped from Defendant NOV's crane's hook onto the back of his head while loading pallets onto the vessel's deck. *Id*. at 2. Plaintiff states that he was flown by helicopter to the Thibodaux Medical Center for emergency medical treatment and has since suffered multiple complex surgical procedures with permanent scarring;

1

severe headaches with substantial neurological deficits, including memory loss and a severely-diminished reading ability; and the inability to swallow normal food, so that he must eat through a feeding tube which has been surgically-implanted into his stomach. *Id*. at 3. Plaintiff filed suit under the Jones Act and General Maritime law, requesting a jury trial and seeking recovery for the damages he sustained.

Starfleet answers, admits that it owned the M/V Starfleet Viking, and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that his claims are prescribed, and that Starfleet is entitled to limited liability pursuant to 46 U.S.C. § 30501. (R. Doc. 13). NOV answers and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that Plaintiff failed to mitigate his damages, and that his claims are barred by prescription or by either the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq*., or the provisions of the Louisiana Workers' Compensation Act, LSA R.S. 23:1021, *et seq*. (Rec. Doc. 15).

**II.     PRESENT MOTION**

Starfleet filed this Motion for Partial Summary Judgment on the Maintenance and Cure claim. (R. Doc. 65). Plaintiff opposes the Motion. (R. Doc. 67). With leave of the Court, Starfleet filed a reply. (R. Doc. 70).

A. <u>Starfleet's Motion</u>

Starfleet seeks partial summary judgment arguing that because Plaintiff failed to disclose a preexisting condition, providing Starfleet with a conclusive defense under *McCorpen v. Central Gulf S.S. Corp.* (R. Doc. 65-1 at 1); 369 F. 2d 547 (5th Cir. 1968). Starfleet details Plaintiff's preexisting lumbar condition and his failure to seek necessary treatment, and argue that had Plaintiff disclosed his lumbar condition Starfleet would not have hired him. *Id*. Starfleet

2

paid for Plaintiff's two-level lumbar laminectomy and fusion at L4-S1 under its maintenance and cure obligation, but avers that because Plaintiff has a preexisting condition, the Court should dismiss Plaintiff's maintenance and cure claims related to his lumbar spine, should find Starfleet is relieved of its duty to pay maintenance and cure for injuries or treatment related to Plaintiff's lumbar spine, and that Starfleet is entitled to a reimbursement and/or credit for the amounts already paid under maintenance and cure for injuries and treatment related to Plaintiff's lumbar spine. *Id*. at 1-2.

Starfleet has paid Plaintiff's maintenance and cure since the accident in 2014, including $40/day of maintenance totaling $27,280 and $406,154.56 in cure. *Id*. at 12. Starfleet avers that because Plaintiff reached MMI for his cervical spine injury on June 6, 2016, any further maintenance payments were solely for Plaintiff's preexisting lumbar injury. *Id*. Accordingly, Starfleet seeks reimbursement and/or credit for the payments made after June 6, 2016. *Id*. Further, Starfleet seeks a reimbursement or credit for its cure payments related to Plaintiff's lumbar injury. *Id*.

Because Plaintiff concealed his medical condition, Starfleet avers they are entitled to a credit and/or reimbursement for all payments made related to his lumbar injury. *Id*. at 13; *McCorpen*, 369 F.2d at 548 (employer relieved of its obligation to pay maintenance and cure when plaintiff "knowingly or fraudulently conceals his [pre-existing] illness from the shipowner.") *Brown v. Parker Drilling Offshore, Corp.*, 410 F.3d 166 (5th Cir. 2005). Under *McCorpen*, an employer is relieved from its duty to pay maintenance and cure if they can prove (1) Plaintiff knowingly concealed or intentionally misrepresents a medical condition; (2) the medical condition was material to the employer's decision to hire the Plaintiff; (3) there is a

3

causal link between the pre-existing condition and the injury at issue. *McCorpen*, 369 F.2d at 549.

Starfleet argues that this case meets all three *McCorpen* prongs. First, Plaintiff knowingly or intentionally concealed his preexisting condition when he "failed to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information." *Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015). *Meche* holds that if a Plaintiff intentionally provided false information on a pre-employment medical questionnaire and certified its truthfulness, they cannot argue the concealment was unintentional. *Id*. at 248. According to Starfleet, Plaintiff intentionally withheld his preexisting condition on his pre-employment medical questionnaires and physical examination. Second, the medical condition was material to Starfleet because it specifically asked about prior back injuries in its pre-employment interviews and questionnaires because of the physically-demanding nature of the job. (R. Doc. 65-1 at 15); *Brown*, 410 F.3d at 175. If Plaintiff would have disclosed his prior condition, Starfleet avers they would not have hired him. *Id*. Finally, the preexisting injury and the current injury in question are both to the lumbar region, which satisfied the third *McCorpen* prong. *See, e.g., Brown*, 410 F.3d at 176; *Weatherford v. Nabors Offshore Corp*., No. 03-0478, 2004 WL 414948 at *3 (E.D. La. Mar. 3, 2004). Further, thought he Fifth Circuit doesn't require the injuries to be identical to satisfy the third prong, in this case they are. (R. Doc. 65-1 at 17).

Starfleet avers that because they establish a *McCorpen* defense, they are not obligated to pay maintenance and cure and the payments already paid can be recovered by an offset against the Plaintiff's damages award. *Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 728 (5th Cir. 2013).

B. Plaintiff's Opposition

Plaintiff opposes Starfleet's Motion, arguing that Starfleet does not merit summary judgment on maintenance and cure claims because maintenance and cure is an unpled claim. (R. Doc. 67-1 at 1). Further, Plaintiff points out that Starfleet does not make a counterclaim for maintenance and cure. *Id*. Because nobody has pled claims for maintenance and cure, Plaintiff avers Starfleet cannot seek summary judgment on that issue. *Id*. at 2.

First, Plaintiff avers this Court lacks subject matter jurisdiction because maintenance and cure is an unpled claim, and therefore Starfleet essentially seeks an advisory opinion. *Id*. at 2-3. Second, Plaintiff argues that Rule 56 does not authorize summary judgment on unpled claims. *Id*. at 2. Third, Plaintiff contends that finding summary judgment in Starfleet's favor would violate Plaintiff's due process under the Fourteenth Amendment. *Id*. In essence, Plaintiff argues that Starfleet is seeking to avoid pleading a counterclaim for declaratory judgment by filing the instant motion. *Id*. at 4. Allowing this motion to go forward would preclude Plaintiff from serving an answer to the counterclaim, addressing the sufficiency of the counterclaim through a 12(b) motion, asserting affirmative defenses, and engaging in relevant discovery. *Id*.

C. Starfleet's Reply

Starfleet responds to Plaintiff's opposition, arguing that Plaintiff includes claims for past and future medical expenses in his complaint, and therefore by definition includes a claim for maintenance and cure. (R. Doc. 70 at 1). Further, because Plaintiff failed to include a list of contested facts in his opposition, he procedurally admits that no issue of material fact exists under Local Rule 56.2 and Starfleet's motion should therefore be granted. *Id*.; *Belala v. Coastal Towing Co.*, No. CIV.A 01-3137, 2002 WL 31729491 at *1 (E.D. La. Dec. 3, 2002)(Fallon, J.).

5

### III. LAW AND ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

B. Discussion

This Court finds that Starfleet seeks summary judgment on an unpled claim and therefore seeks an inappropriate advisory opinion on the topic of maintenance and cure. (R. Doc. 1); Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Because maintenance and cure is an unpled claim, this Court lacks subject matter jurisdiction over the issue at this time. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

Although Plaintiff did not plead maintenance and cure in his complaint, Starfleet may bring its own claim for declaratory judgment regarding its duty to pay maintenance and cure. *See*, *e.g.*, *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 27-30 (5th Cir. 1989). Starfleet has not done so here. Further, the *McCorpen* defense does not allow for a reimbursement of previously-paid maintenance and cure. As the Fifth Circuit held in *Boudreaux v. Transocean Deepwater, Inc.*, "[Defendant's] novel attempt to extend the [McCorpen] defense into an affirmative right of recovery finds virtually no support, and we are not inclined to accede." 721 F.3d 723, 727 (5th Cir. 2013). As it is well-settled that a Plaintiff may not recover twice for the same injury, Defendant may be entitled to a credit for the amount already paid under their maintenance and cure obligation. *Id*. at 727. However, that issue is not yet ripe and is inappropriate for summary judgment. Accordingly, because neither Plaintiff nor Defendant has introduced the issue of maintenance and cure into the case, this Court cannot rule on the issue, and Defendant's motion is denied.

## IV.     CONCLUSION

For the reasons more fully stated above, it is ordered that Defendant Starfleet's Motion for Partial Summary Judgment (R. Doc. 65) is **DENIED**.

New Orleans, Louisiana, this 14th day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE