UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DONALD RINEHART, JR. | * | CIVIL ACTION |
| --- | --- | --- |
| | * | |
| vs. | * | NO. 15-6266 |
| | * | |
| NATIONAL OILWELL VARCO L.P., ET AL. | * | SECTION: L |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant National Oilwell Varco, L.P. (R. Doc. 82). Having considered the parties' briefs and applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Donald Rinehart ("Rinehart") on August 21, 2014, while he was employed as a Jones Act seaman in his capacity as an engineer aboard the M/V Starfleet Viking, a vessel operated by the bareboat charterer Defendant Starfleet Marine Transportation, Inc. ("Starfleet"). (R. Doc. 1 at 1-2). Plaintiff invokes jurisdiction of this Court under 28 U.S.C. § 1332. *Id*. at 2. Specifically to this Motion, Plaintiff seeks in his Complaint to recover certain non-pecuniary damages against third-party defendant National Oilwell Varco, L.P. ("NOV"), including punitive damages,

Plaintiff alleges that he was ordered by the M/V Starfleet Viking's captain to assist with loading pallets aboard the ship, which was docked in Port Fourchon, Louisiana. *Id*. at 2. NOV owned the mobile crane and hook which were used in loading the pallets and also employed the crane operator directing the crane. *Id*. Plaintiff claims that he was injured when a pallet fork slipped from NOV's crane's hook onto the back of his head while loading pallets onto the vessel's deck. *Id*. Plaintiff states that he was flown by helicopter to the Thibodaux Medical Center for emergency medical treatment and has since suffered multiple complex surgical procedures with permanent

1

scarring; severe headaches with substantial neurological deficits, including memory loss and a severely-diminished reading ability; and the inability to swallow normal food, so that he must eat through a feeding tube which has been surgically-implanted into his stomach. *Id*. at 3. Plaintiff filed suit under the Jones Act and General Maritime law, requesting a jury trial and seeking recovery for the damages he sustained.

Defendant Starfleet Marine Transportation, Inc. ("Starfleet") answers, admits that it owned the M/V Starfleet Viking, and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that his claims are prescribed, and that Starfleet is entitled to limited liability pursuant to 46 U.S.C. § 30501. (R. Doc. 13). NOV answers and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that Plaintiff failed to mitigate his damages, and that his claims are barred by prescription or by either the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq.*, or the provisions of the Louisiana Workers' Compensation Act, LSA R.S. 23:1021, *et seq*. (R. Doc. 15).

## II. PRESENT MOTION

NOV filed this Motion for Partial Summary Judgment on Plaintiff's claims for non-pecuniary damages, specifically, punitive damages. (R. Doc. 82). Plaintiff opposes the Motion. (R. Doc. 84). With leave of the Court, NOV filed a reply. (R. Doc. 89). Starfleet Marine also filed a Response. (R. Doc. 86).

NOV seeks partial summary judgment dismissing Plaintiff's claims for punitive damages. (R. Doc. 82-1 at 2). NOV relies on *Scarborough v. Clemco Industries, Inc.* to argue that because Plaintiff alleges seaman status, he is precluded from recovering non-pecuniary damages,

specifically punitive damages, from a non-employer third party. *Id.* (citing *Scarborough v. Clemco Industries, Inc.*, 391 F.3d 660, 668 (5th Cir. 2004)).

Plaintiff acknowledges that 5th Circuit precedent currently precludes recovery of punitive damages for Jones Act negligence and for unseaworthiness against third parties, but nonetheless opposes the motion and seeks to preserve his right to appeal an adverse ruling on punitive damages, noting that other federal precedent is in conflict with the Fifth Circuit. (R. Doc. 84-1 at 4-5). Plaintiff also alleges in their response that NOV was grossly negligent in their actions. *Id.* at 6.

NOV filed a Response to Plaintiff's Opposition, requesting that this Court limit its review of this matter to the questions of law raised in the Motion for Partial Summary Judgment. (R. Doc. 89 at 2). NOV argues that because the question of gross negligence was newly-raised in Plaintiff's opposition and was not prompted by the NOV's original motion, the Court should not address the issue. *Id.* at 3. NOV suggests that responding to the evidentiary submissions would unnecessarily complicate the matter before the Court, and the Court should strike the new evidence or grant more time for NOV to reply. *Id.* at 4-5.

Starfleet also filed a Response to NOV's Motion for Partial Summary Judgment. (R. Doc. 86). Starfleet declined to take a position on the recovery of punitive damages by a seaman from a third party non-employer, and noted that the recovery of punitive damages is a separate issue from the availability of Plaintiff's claims for gross negligence against NOV and should be preserved. *Id.* at 1. Therefore, Starfleet requests that the Court preserve Plaintiff's allegations of gross negligence, which are not implicated by this Circuit's precedent that punitive damages are unavailable against third parties. *Id.* at 2 (citing *Wade v. Clemco Industries Corporation*, No. CV 16-502, 2017 WL 434425, at *5 (E.D. La. Feb. 1, 2017) (Fallon, J.) ("a seaman's [widow's] damages against both employers and non-employers are limited to pecuniary losses")).

**III.     LAW AND ANALYSIS**

   A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

4

B. <u>Discussion</u>

*i.    NOV's Motion for Partial Summary Judgement of Plaintiff's Punitive Claims.*

NOV filed this Partial Motion for Summary Judgment seeking the dismissal of Plaintiff's claim for punitive damages from a non-employer third party. (R. Doc. 82-1 at 2). Plaintiff alleges that he is a seaman, as defined by the Jones Act; this allegation has not been disputed by his employer, Starfleet, or by movants NOV. *Id.* Thus, because Plaintiff's status as a seaman is not contested, the Court is faced with the purely legal question of whether a seaman can recover punitive damages against a non-employer third party.

This Court recently reviewed in detail the evolution of non-pecuniary damages against a non-employer third-party tortfeasor under general maritime law. *See generally Wade v. Clemco Industries Corp.*, No. 16-502, 2017 WL 434425 (E.D. La. Feb. 1 2017). There is a long-standing tradition of availability of punitive damages under common law and general maritime law. *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 409-11 (2009). However, the Supreme Court held in *Miles v. Apex* that a seaman cannot recover non-pecuniary damages from his Jones Act employer under either a Jones Act negligence claim or under a general maritime law claim of unseaworthiness. 498 U.S. 19, 32 (1990). The Court explained that "it would be inconsistent with this Court's place in the constitutional scheme to sanction more expansive remedies for the judicially created unseaworthiness cause of action, in which liability is without fault, than Congress has allowed in cases of death resulting from negligence." *Id.* at 20.

The Supreme Court later clarified their ruling in *Miles*, holding that lower courts' interpretation that all punitive damages under maritime law had been abolished was too broad. *See Townsend*, 557 U.S. at 420. The Supreme Court recognized that a seaman has the right to seek punitive damages as a result of the breach of duty to pay maintenance and cure under general

5

maritime law, explaining that "[b]ecause punitive damages have long been an accepted remedy under general maritime law, and because nothing in the Jones Act altered this understanding, such damages for the willful and wanton disregard of the maintenance and cure obligations should remain available in the appropriate case as a matter of general maritime law." *Id.* at 419-20.

Following *Miles* and *Townsend*, there was brief uncertainty in the Fifth Circuit as to whether a plaintiff could recover punitive damages under general maritime law for non-maintenance and cure claims, or if they were limited to recovery for only maintenance and cure claims. *Compare Snyder v. L & M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 737 (E.D. La. 2013) (dismissing claims for punitive damages under general maritime law) with *Callahan v. Gulf Logistics, L.L.C.,* No. 06-0561, 2013 WL 5236888, at *3 (W.D. La. Sept. 16, 2013) (holding punitive damages are available for actions under general maritime law). The Fifth Circuit initially held in *McBride v. Estis Well Serv.*, *LLC*, that punitive damages were available when a seaman's personal injury or wrongful death claim was based only on general maritime law, effectively extending *Townsend* to non-maintenance and cure claims. 731 F.3d 505 (5th Cir. 2013), *rev'd en banc*, 768 F.3d 382 (5th Cir. 2014). However, on a rehearing *en banc*, the Fifth Circuit reversed the panel, concluding that neither a seaman nor his survivor can recover punitive damages for personal injury or wrongful death claims based on either the Jones Act or general maritime law. *McBride v. Estis Well Serv., LLC*, 768 F.3d 382, 391 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2310 (2015). The Court held that the reasoning in *Miles* remains sound regarding seaman personal injury and wrongful death claims, thus limiting *Townsend* only to maintenance and cure claims. *Id.* at 389-90.

In *Scarborough v. Clemco Industries*, the Fifth Circuit held that a seaman may not recover punitive damages against either his employer or against a non-employer third party. 391 F.3d 660,

668 (5th Cir. 2004). Although the *Scarborough* decision seemed at one time to be undermined by *Townsend*, it was bolstered by the *en banc* decision in *McBride*. It is now clear in the Fifth Circuit that under both the Jones Act and general maritime law, a seaman's claim against both employers and non-employers does not include punitive damages. In the instant case, Plaintiff's claims for punitive damages against NOV are therefore controlled by the holdings in *McBride* and *Scarborough*, and must be dismissed.

  ii. *Plaintiff's Response Requesting Preservation of Gross Negligence Claims*

The Court declines to pass judgement on Plaintiff's allegations of gross negligence on the part of NOV, because this issue need not be resolved prior to the dismissal of Plaintiff's claims for punitive damages. Rather, as established in *Scarborough v. Clemco Industries*, all the Court must determine is whether Plaintiff was a seaman and whether NOV was his employer, since a seaman may not recover punitive damages against a non-employer third party. *See* 391 F.3d 660, 668 (5th Cir. 2004).

**IV. CONCLUSION**

For the reasons more fully stated above, it is ordered that Defendant NOV's Motion for Partial Summary Judgment seeking to dismiss Plaintiff's claims against NOV for punitive damages (R. Doc. 82) is **GRANTED**.

New Orleans, Louisiana, this 20th day of April, 2017.

                     _____
                     UNITED STATES DISTRICT JUDGE