UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD RINEHART, JR.** | * | **CIVIL ACTION** |
| | * | |
| vs. | * | **NO. 15-6266** |
| | * | |
| **NATIONAL OILWELL VARCO L.P., ET AL.** | * | **SECTION: L** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Starfleet Marine Transportation, Inc. (R. Doc. 79). Plaintiff opposes the Motion, and, upon leave of the Court, Defendant filed a reply. (R. Docs. 95, 100). Having considered the parties' briefs and applicable law, the Court now issues this Order and Reasons.

I.     BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Donald Rinehart ("Rinehart") on August 21, 2014, while he was employed as a Jones Act seaman in his capacity as an engineer aboard the M/V Starfleet Viking (the "Vessel"), a vessel operated by the bareboat charterer Defendant Starfleet Marine Transportation, Inc. ("Starfleet"). (R. Doc. 1 at 1-2). Plaintiff invokes jurisdiction of this Court under 28 U.S.C. § 1332. *Id*. at 2.

Plaintiff alleges that he was ordered by the Vessel's captain to assist with loading pallets aboard the ship, which was docked in Port Fourchon, Louisiana. *Id*. at 2. Defendant National Oilwell Varco, L.P. ("NOV") owned the mobile crane and hook used in loading the pallets and employed the crane operator. *Id*. Plaintiff claims he was injured when a pallet fork slipped from the crane's hook onto the back of his head while loading pallets onto the Vessel's deck. *Id*. Plaintiff was flown by helicopter to the Thibodaux Medical Center for emergency medical treatment and has since undergone multiple complex surgical procedures with permanent scarring; severe headaches with substantial neurological deficits, including memory loss and a severely-diminished

1

reading ability; and the inability to swallow normal food, so that he must eat through a feeding tube surgically-implanted into his stomach. *Id*. at 3. Plaintiff filed suit under the Jones Act and General Maritime law requesting a jury trial and seeking recovery for the damages he sustained.

Starfleet answers, admitting that it owned the Vessel, and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that his claims are prescribed, and that Starfleet is entitled to limited liability pursuant to 46 U.S.C. § 30501, *et seq*. (R. Doc. 13). NOV answers and asserts a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that Plaintiff failed to mitigate his damages, and that his claims are barred by prescription or by either the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq*., or the provisions of the Louisiana Workers' Compensation Act, LSA R.S. 23:1021, *et seq*. (R. Doc. 15).

## II. PRESENT MOTION

Defendant Starfleet filed this Motion for Partial Summary Judgment on Plaintiff's claims for maintenance and cure. (R. Doc. 79). Starfleet maintains that Plaintiff had pre-existing back injuries that he concealed from Starfleet, and therefore is not entitled to maintenance and cure. (R. Doc. 79-1 at 2). Plaintiff opposes the Motion. (R. Doc. 95). The Court previously denied Starfleet's Motion for Partial Summary Judgment on Plaintiff's claims for maintenance and cure because Plaintiff had not specifically claimed maintenance and cure in his Complaint. (R. Doc. 73). Starfleet then asserted a Counterclaim seeking a declaratory judgment that they do not owe maintenance and cure, and Plaintiff responded with their own Counterclaim, asserting a claim for maintenance and cure. (R. Docs. 76, 77). Starfleet now maintains that the question of maintenance and cure is properly before the Court. (R. Doc. 79-1 at 1).

> i. *Starfleet's Motion*

Starfleet seeks partial summary judgment arguing that because Plaintiff failed to disclose a preexisting condition, Starfleet does not have to pay maintenance and cure. (R. Doc. 79-1 at 1). Plaintiff claims that the 2014 accident caused him a variety of injuries, which Starfleet paid to treat. Plaintiff underwent two cervical fusions in June 2016, and was deemed to have reached maximum medical improvement ("MMI") at that time. *Id.* at 3. In August 2016, Plaintiff underwent a two-level lumbar laminectomy and fusion at L4-S1 to treat posttraumatic lumbar spine pain, exacerbation of lumbar herniated disk, and lumbar radiculopathy, which Starfleet paid for under its maintenance and cure obligation. *Id.* Starfleet maintains that Plaintiff had been diagnosed with "virtually the exact same diagnosis" in 2007 and had failed to get appropriate surgery at that time. *Id.* at 4. Plaintiff allegedly continued to experience lower back pain from 2005 to 2013. *Id.* at 9-11. On May 31, 2014, Plaintiff completed a medical questionnaire that asked if he had ever had an injury to his back or if surgery had been recommended by a medical professional; he denied both. *Id.* at 12. Additionally, Plaintiff completed a medical questionnaire on May 28, 2014, denying that he had injured his back or neck or experienced back or neck pain. *Id.* at 13. Starfleet avers that the medical questionnaires were crafted to ensure that Plaintiff could perform his job, and had they known of Plaintiff's history of back conditions and treatments, they would not have hired him. *Id.* at 14.

Starfleet has paid Plaintiff's maintenance and cure since the accident in 2014, including $30,320 in maintenance payments and $393,350 in medical payments. *Id*. at 3 n.3. Because Plaintiff concealed his medical condition, Starfleet avers they are entitled to a credit and/or reimbursement for all payments made related to his lumbar injury. *Id*. at 15. Under *McCorpen v. Central Gulf Steamship Corporation*, an employer is relieved from its duty to pay maintenance

3

and cure if they can prove: (1) Plaintiff knowingly concealed or intentionally misrepresents a medical condition; (2) the medical condition was material to the employer's decision to hire the Plaintiff; (3) there is a causal link between the pre-existing condition and the injury at issue. 396 F.2d 547, 548-49 (5th Cir. 1968). Starfleet avers that because Plaintiff reached MMI for his cervical spine injury on June 6, 2016, any further maintenance payments were solely for Plaintiff's preexisting lumbar injury. (R. Doc. 79-1 at 15). Accordingly, Starfleet seeks reimbursement and/or credit for the payments made after June 6, 2016. *Id*. Further, Starfleet seeks a reimbursement or credit for its cure payments related to Plaintiff's lumbar injury in an amount to be determined at trial. *Id*. at 15-16.

    ii.    *Plaintiff's Opposition*

Plaintiff opposes the Motion, arguing that Starfleet's *McCorpen* theory should be sent to the jury because the record supports genuine issues of material fact on that theory. (R. Doc. 95-1 at 1). Further, Plaintiff contends maintenance and cure should not be terminated as he has yet to reach MMI.

Plaintiff contends that the medical questionnaires he filled out and signed both times he was hired by Starfleet – in 2010 and in 2014 – contained the following language:

> The purpose of this questionnaire is to permit Starfleet Marine Transportation to ensure no information is withheld by you regarding injuries or illnesses. The information you disclose on this questionnaire will not be used to exclude you from employment with Starfleet Marine Transportation unless you have a disability which prohibits you from performing the essential functions of the job with or without a reasonable accommodation.

*Id*. at 2. He further attested that he has never had an injury or disease to his back and that he had not injured his back or experienced back pain currently or significantly in the past. *Id*. His doctor performed an exam and certified that he was capable to perform duties as a seaman. *Id*. Plaintiff attests he has always been able to perform his duties until the accident in question. *Id*. at 1-3.

4

Throughout his opposition, Plaintiff points to medical testimony and evidence that contradicts Defendant's Motion and claims for summary judgment. He argues summary judgment on *McCorpen* is improper and that the issue should be sent to a jury.

### III. LAW AND ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with

conclusory allegations or unsubstantiated assertions. *Little,* 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta,* 530 F.3d at 399.

B. Discussion

A Jones Act employer may investigate a seaman's claim for maintenance and cure. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). An employer may rely on legal defenses to deny maintenance and cure claims, including the defense that the seaman willfully concealed a preexisting medical condition. *McCorpen v. Central Gulf S. S. Corp.,* 396 F.2d 547, 548-49 (5th Cir. 1968).

Under *McCorpen*, an employer is relieved from its duty to pay maintenance and cure if they can prove: (1) plaintiff knowingly concealed or intentionally misrepresents a medical condition; (2) the medical condition was material to the employer's decision to hire the plaintiff; (3) there is a causal link between the pre-existing condition and the injury at issue. *McCorpen*, 396 F.2d at 549. Starfleet argues that this case meets all three *McCorpen* prongs.

First, Starfleet claims that Plaintiff knowingly or intentionally concealed his preexisting condition when he "failed to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information." *Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015). *Meche v. Doucet* holds that if a Plaintiff intentionally provided false information on a pre-employment medical questionnaire and certified its truthfulness, they cannot argue the concealment was unintentional. *Id*. at 248. According to Starfleet, Plaintiff intentionally withheld his preexisting back condition on his pre-employment medical questionnaires specifically inquiring about a history of back problems. (R. Doc. 79-1 at 11). Defendant contends that Plaintiff signed these forms, attesting to their truthfulness, and now cannot claim that his concealment was

unintentional. *See Meche*, 777 F.3d at 248; (R. Doc. 79-1 at 13). Plaintiff disagrees, arguing he filled out the form truthfully and in a manner consistent with the instructions given him.

Second, Defendant argues that the medical condition was material because it specifically asked about prior back injuries in its pre-employment interviews and questionnaires because of the physically demanding nature of the job. (R. Doc. 79-1 at 14-15). As the Fifth Circuit held in *Brown v. Parker Drilling Offshore Corporation*, "employers need to be certain that each employee is physically able to do the work, not only to protect the employer from liability, but also to protect the employees." 410 F.3d at 175. Starfleet contends that the medical questionnaire is intended to ensure that applicants are physically capable of performing the job duties required of a deckhand engineer, thus satisfying the second prong. *See id.*; (R. Doc. 79-1 at 15). Plaintiff argues that he was told the questions only related to his ability to perform his duties on the job. He contends he filled out those questions honestly and, in fact, was able to perform his duties up until the accident in question.

Third, Defendant points out that the preexisting injury and the current injury in question are both to the lumbar region, which satisfied the third *McCorpen* prong requiring a connection between the information plaintiff withheld and the injury alleged in the lawsuit. Defendants do not need to show that the previous injury be the sole cause of the present injury, nor do the two injuries need to be identical. *Brown*, 410 F.3d at 176. In this case, however, Starfleet argues that the injuries are identical and the requisite connection between the two injuries is satisfied. *See id.*; (R. Doc. 79-1 at 20). Plaintiff, however, points to physician testimony and other evidence suggesting his prior injury is *not* the same as the current injury, arguing the issue should be sent to the jury. Further, he contends that he had a prior history of back pain from laborious work, but not a prior injury.

Starfleet avers that because they establish a *McCorpen* defense, they are not obligated to pay maintenance and cure and the payments already paid can be recovered by an offset against the Plaintiff's damages award. (R. Doc. 79-1 at 21). In *Boudreaux v. Transocean Deepwater, Inc.*, the Fifth Circuit held that if an employer finds a causal link between an employee's concealed pre-existing condition and the injury alleged in a lawsuit, the employer may sue to terminate their obligation to pay. 721 F.3d 723, 728 (5th Cir. 2013). If the employer has already paid maintenance and cure, "it is entitled to recoup them when there are damages to offset." *Id.* These payments may only be offset from a plaintiff's damage award; the employer may not bring a suit seeking affirmative recovery. *Id.* Starfleet contends that because Plaintiff reached MMI for his neck injuries on June 6, 2016, any subsequent treatment was for the concealed, pre-existing back injuries. (R. Doc. 79-1 at 21). Starfleet seeks a credit for maintenance payments made after June 6, 2016, which total $8,920. *Id.* Starfleet also seeks a credit for cure payments made after June 6, 2016; however, because Plaintiff's treatment is ongoing, Starfleet will ascertain the exact amount when Plaintiff reaches MMI. *Id.*

In this case, Plaintiff points to genuine issues of material fact surrounding his prior injuries and his honesty when filling out pre-employment paperwork. Both parties point to conflicting medical testimony and evidence. At this stage in the proceeding, the Court must draw all reasonable inferences in favor of the non-moving party – in this case, the Plaintiff. While this Court may take all evidence into account, it cannot make the credibility determinations required to resolve the instant issue. Accordingly, because issues of fact and credibility remain, this issue is not ripe for summary judgment and must be resolved by a trier of fact.

## IV. CONCLUSION

For the reasons more fully stated above, it is ordered that Defendant Starfleet's Motion for Partial Summary Judgment (R. Doc. 79) is **DENIED**.

New Orleans, Louisiana, this 16th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE