UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD RINEHART, JR.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 15-6266** |
| **NATIONAL OILWELL VARCO L.P., ET AL.** | * | **SECTION L (3)** |

## ORDER AND REASONS

Before the Court are cross motions for partial summary judgment filed by Plaintiff Donald Rinehart (Rec. Doc. 112) and Defendant Starfleet Marine Transportation, Inc. (Rec. Doc. 127). The motions pertain to the seaworthiness of M/V Starfleet Viking Vessel. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

**I. BACKGROUND**

This case arises out of injuries allegedly sustained by Plaintiff Donald Rinehart, Jr., on August 21, 2014, while he was employed as a seaman by Defendant Starfleet Marine Transportation Inc. ("Starfleet) aboard the M/V Starfleet Viking (the "Vessel"). *See* Rec. Doc. 1 at 1-2. Plaintiff invokes jurisdiction of this Court under 28 U.S.C. § 1332. *Id*. at 2.

Plaintiff alleges that he was ordered by the Vessel's captain to assist with loading pallets aboard the ship, which docked in Port Fourchon, Louisiana. *Id*. at 2. Defendant National Oilwell Varco, L.P. ("NOV") owned the mobile crane and hook used in loading the pallets and employed the crane operator. *Id*. Plaintiff claims he was injured when a pallet fork slipped from the crane's hook onto the back of his head while loading pallets onto the Vessel's deck. *Id*. Plaintiff was flown by helicopter to the Thibodaux Medical Center for emergency medical treatment and has since undergone multiple complex surgical procedures with permanent scarring; severe headaches

1

with substantial neurological deficits, including memory loss and a severely-diminished reading ability; and the inability to swallow normal food, relying on a feeding tube surgically-implanted into his stomach. *See id*. at 3. Plaintiff filed suit under the Jones Act and general maritime law.

In response, Starfleet asserted a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that his claims are prescribed, and that Starfleet is entitled to limited liability pursuant to 46 U.S.C. § 30501, *et seq*. *See* Rec. Doc. 13. NOV also asserted a number of defenses, including that Plaintiff's injuries were caused by his own negligence or by third parties, that Plaintiff failed to mitigate his damages, and that his claims are barred by prescription or by either the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq*., or the Louisiana Workers' Compensation Act, LSA R.S. 23:1021, *et seq*. *See* Rec. Doc. 15.

## II.    LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

**B.     Unseaworthiness**

A seaman has a claim under the general maritime law for injuries caused by the unseaworthiness of a vessel. The duty of a vessel owner to provide a seaworthy vessel is an absolute non-delegable duty; the duty imposes liability without fault. *See Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 548-49 (1960). A ship is seaworthy if the vessel, including her equipment and crew, is reasonably fit and safe for the purposes for which it was intended to be used. *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir.2002) (citation omitted); *Boudoin v. Lykes Bros. S.S. Co.*, 348 U.S. 336, 339 (1955) ("The standard is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm but a vessel reasonably suited for her intended service.").

Unseaworthiness is not a fault-based standard; a plaintiff must show, however, that the unseaworthy condition "played a substantial part in bringing about or actually causing the injury

and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Phillips v. Western Co. of North America*, 953 F.2d 923, 928 (5th Cir.1992). "[A]n isolated personal negligent act of the crew" is not enough to render a ship unseaworthy. *Daughdrill v. Ocean Drilling & Exploration Co.*, 709 F. Supp. 710, 712 (E.D. La. 1989). Instead, there should be evidence of "a congeries of acts." *Id*. (quoting *Robinson v. Showa Kaiun K.K.*, 451 F.2d 688, 690 (5th Cir. 1971)).

"A vessel's condition of unseaworthiness might arise from any number of circumstances. Her gear might be defective, her appurtenances in disrepair, her crew unfit. The number of men assigned to perform a shipboard task might be insufficient. The method of loading her cargo, or the manner of its stowage might be improper." *Usner v. Luckenbach Overseas Corp.*, 91 S.Ct. 514, 517-18 (1971) (internal citations omitted); *see also Webb v. Dresser Indus.*, 536 F.2d 603, 606 (5th Cir. 1976), *cert. denied*, 429 U.S. 1121 (1977). A vessel is unseaworthy when an unsafe method of work is used to perform vessel services. *Rogers v. Eagle Offshore Drilling Serv.*, 764 F.2d 300, 303 (5th Cir. 1985); *Burns v. Anchor-Wate Co.*, 469 F.2d 730 (5th Cir. 1972).

## III. DISCUSSION

Plaintiff contends that the accident itself—the alleged broken crane hooks—made the Starfleet vessel unseaworthy because the broken hooks allowed a 460-pund steel palette lifter to slip off and injure him. *See* Rec. Doc. 112-3 at 3. Defendant Starfleet asks the Court to dismiss Plaintiff's unseaworthiness claim because the shore-based crane was owned and operated by a third party, NOV. Starfleet states that it did not contract with NOV for its crane and longshoremen, and that Captain Vaughn did not assign Rinehart to participate with NOV in its rigging and loading operation. *See generally* Rec. Doc. 131.

Both parties' arguments fail to satisfy summary judgment standard. Regarding Plaintiff's argument, the accident itself does not establish a cause for unseaworthiness. "[A]n isolated personal negligent act of the crew" is not enough to render a ship unseaworthy." *Daughdrill*, 709 F. Supp. at 712. Plaintiff's brief merely describes the accident, but does not conclusively, as a matter of law, establish that Starfleet is unseaworthy. As for Defendant's point, the fact that the defective crane equipment did not belong to Starfleet also does not alter the fact that the vessel had become unseaworthy. The unloading of a ship's cargo is a traditional maritime activity. *See Drachenberg v. Canal Barge Co.*, 571 F.2d 912, 917 (5th Cir. 1978); *Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985); *Edynak v. Atlantic Shipping, Inc. CIE Chambon Maclovia, S.A.*, 562 F.2d 215, 221 (3d Cir. 1977). Because the crane was used during loading and unloading operations, it is closely related and has a substantial relationship to a traditional maritime activity. Accordingly, the instant issue boils down to questions of fact best left for the jury.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment (Rec. Doc. 112) on unseaworthiness is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment on unseaworthiness (Rec. Doc. 127) is hereby **DENIED**.

New Orleans, Louisiana, this 5th day of September, 2017.

**ELDON E. FALLON**
United States District Judge